UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANDRE HARRIS,                          CIVIL ACTION NO. 1:19-CV-032-P
Petitioner

VERSUS                                 JUDGE DEE D. DRELL

CALVIN JOHNSON,                        MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. §
2241 filed by pro se Petitioner Andre Harris ("Harris") (#31899-034). (Doc. 1). Harris
is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at
the United States Penitentiary in Pollock, Louisiana. Harris challenges the legality
of his sentence imposed in the United States District Court for the Eastern District
of Louisiana.

Because Harris cannot meet the requirements of 28 U.S.C. § 2255(e), his
habeas petition (Doc. 1) should be DISMISSED for lack of jurisdiction WITH
PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the
merits of Harris's claim.

I.    Background

Harris was convicted of: "(1) conspiracy to possess with intent to distribute
crack cocaine; (2) conspiracy to possess firearms in furtherance of a drug-trafficking
crime; (3) possession with intent to distribute crack cocaine; and (4) possession of
firearms in furtherance of the drug-trafficking crimes listed above." United States v.

Harris, 740 F.3d 956, 959 (5th Cir. 2014).  Harris was sentenced to 181 months of imprisonment.  Harris's conviction and sentence were affirmed on appeal, and the United States Supreme Court denied writs.  Harris v. United States, 135 S. Ct. 54 (2014).

Harris filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255.  (Case No. 2:10-CR-0285, E.D. La.; Doc. 184).  Harris argued that the sentencing court relied upon the residual clause of 18 U.S.C. § 924(e) in imposing Harris's sentence, and the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), mandates that Harris be resentenced without an enhancement. (Case No. 2:10-CR-0285, E.D. La.; Doc. 184).  The court denied the motion because Harris was found guilty of possession of a firearm in furtherance of a drug trafficking crime under § 924(c)(1)(A).  The court concluded that, because Harris was not sentenced pursuant to § 924(e)'s residual clause, Johnson was inapplicable.  (Case No. 2:10-CR-0285, E.D. La.; Doc. 200).

Harris filed another motion to vacate, which was transferred to the United States Court of Appeals for the Fifth Circuit.  Harris asserted that Burrage v. United States, 571 U.S. 204 (2014), Alleyne v. United States, 570 U.S. 99 (2013), and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), were new rules of law applicable to his case.  (Case No. 2:10-CR-0285, E.D. La.; Doc. 211).  The motion was denied because Harris did not make the requisite prima facie showing under §§ 2244(b)(3)(C) and 2255(h) for authorization to file a second or successive application.  (Case No. 2:10-CR-0285, E.D. La.; Doc. 211).

In his § 2241 petition before this Court, Harris claims that he was denied effective assistance of counsel because his attorney did not object to the Indictment. (Doc. 1, p. 7).  Harris also claims the Government denied him the right to be indicted by a grand jury as to 28 grams of cocaine base, and that the court miscalculated his guideline range.  (Doc. 1, p. 7).

## II.    <u>Law and Analysis</u>

### A.    <u>Harris cannot meet the requirements of the savings clause.</u>

A motion under § 2255 is generally used to collaterally attack a federal conviction and sentence.  See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir. 2000).  A motion under § 2241, in contrast, is generally used to challenge the manner in which a sentence is executed.  <u>Id.</u>  Harrell's § 2241 petition challenges the length of his sentence, not its execution.

Section § 2255 contains a savings clause, which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction.  See <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).  The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate.  See <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was

foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).

Harris does not show that his claim is based on a retroactively applicable Supreme Court decision that shows he may have been convicted of a nonexistent offense. Harris claims that <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014) applies retroactively to his case. However, <u>Burrage</u> is inapplicable. In <u>Burrage</u>, the Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." <u>Burrage</u>, 134 S.Ct. at 892. Another case relied on by Harris, <u>Santillana v. Upton</u>, 846 F.3d 779, 783 (5th Cir. 2017), also involved the application of a mandatory sentence under § 841(b)(1)(C) for a death resulting from a defendant's drug trafficking. Harris's case does not involve a death that resulted from drug trafficking. Thus, Harris cannot demonstrate that <u>Burrage</u> establishes that he "may have been convicted of a nonexistent offense." <u>See</u> <u>Reyes-Requena</u>, 243 F.3d at 901.

Moreover, the Fifth Circuit has recently stated that, "in <u>Burrage</u> the Court was interpreting a statute, § 841(b)(1)(C), and did not announce a new rule of constitutional law." <u>In re Salas</u>, 888 F.3d 150, 150–51 (5th Cir. 2018) (citing <u>Burrage</u>, 134 S. Ct. at 885–92); <u>Santillana v. Upton</u>, 846 F.3d 779, 783 (5th Cir. 2017)

(addressing savings clause issue and concluding that <u>Burrage</u> was a new rule of statutory law).

Finally, the Fifth Circuit recently considered Harris's <u>Burrage</u> claim in denying authorization to file a second or successive § 2255 motion.  (Case No. 2:10-CR-0285, E.D. La.; Docs. 209, 211).  The court determined that Harris had not made the requisite prima facie showing under §§ 2244(b)(3)(C) and 2255(h) for filing a second or successive motion.  (Case No. 2:10-CR-0285, E.D. La.; Doc. 211) (citing <u>In re Salas</u>, 888 F.3d 150, 150-51 (5th Cir. 2018); <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013); <u>In re Salazar</u>, 443 F.3d 430, 431-32 (5th Cir. 2006)).

Therefore, Harris cannot show that a retroactively applicable Supreme Court decision establishes he may have been convicted of a nonexistent offense.

## III.   <u>Conclusion</u>

Because Harris cannot meet the requirements of the savings clause, IT IS RECOMMENDED that Harris's § 2241 petition (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Harris's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___14th___ day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge